<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

```
_____
                               :
CONCETTA GAGGIANO              :
                               :
        Plaintiff,             :    Civ. No. 04-2041 (WGB)
                               :
v.                             :    O P I N I O N
                               :
COMMISSIONER OF                :
SOCIAL SECURITY                :
                               :
        Defendant.             :
                               :
_____:
```

APPEARANCES:

Agnes S. Wladyka, Esq.
Abromson & Carey
60 Park Place Suite 601
Newark, New Jersey 07102

  Counsel for Plaintiff

Christopher J. Christie, Esq.
United States Attorney
970 Broad Street
Newark, NJ 07102

Andrea Lechleitner, Esq.
Special Assistant U.S. Attorney
Social Security Administration
26 Federal Plaza, Room 3904
New York, NY 10278

  Counsel for Defendant

**BASSLER, SENIOR DISTRICT JUDGE:**

  Claimant, Concetta Gaggiano ("Gaggiano"), pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), as amended, seeks federal district court review of the Secretary of

Health and Human Services decision denying her request for social security disability benefits.  For the following reasons the Court affirms the Secretary's decision.

**I.    Background and Procedural History**

Gaggiano was educated in Italy and previously employed as a tailor. In November of 2001, at the age of forty-four, she filed an application for social security disability benefits, complaining of asthma and chronic pulmonary insufficiency ("COPD"). The Social Security Administration denied her request for disability payments in February 2002. (Tr. at 23.)  Her petition for reconsideration was also denied.  (Id. at 24.)  On appeal before the Administrative Law Judge ("ALJ"), Gaggiano testified that the severity of her asthma requires that she use a nebulizer and take prednisone, an anti-inflammatory steroid. (Id. at 177.)  She also testified that she is constantly fatigued, and is unable to climb stairs, sit, stand, walk, or even sneeze without fear of an asthma attack.  (Id. at 178-89; 181-83.)

**A.    Standard Governing the ALJ's Decision**

Before an ALJ can deny a claimant's request for social security disability benefits, a five-step evaluation of the claimant's alleged disability must be conducted. See 20 C.F.R. §§ 404.1520, 416.920.  That is, in addition to considering a

claimant's medical history, objective medical findings and claimant testimony, the ALJ must determine: (1) whether claimant is engaging in substantial gainful activity; (2) whether claimant's condition is finite or long-lasting; (3) whether the severity of claimant's condition meets or exceeds the level of disability recognized by 20 C.F.R. § 404, appendix P; (4) claimant's residual functional capacity in light of her condition; and (5) whether the claimant, despite her limited abilities, can perform alternative employment. Id.

In steps (1) through (4) the burden of proof rests on the claimant to show that she is no longer working, that her disability is indefinite, that the severity of her impairment is consistent with 20 C.F.R. § 404 Appendix 1, Subpart P and that, as a result, she is unable to work in any capacity in any field. Ferguson v. Schweiker 765 F.2d 31, 36 (3d Cir. 1985). In step (5) the burden lies with the ALJ to prove that despite claimant's impairments she can perform either her past relevant work or adjust to alternative employment. Id. at 36.

Finding, *inter alia,* that Gaggiano's allegations were less than credible and that her condition fell short of the impairments listed in 20 C.F.R. 404 Appendix 1, Subpart P, the ALJ denied Gaggiano's request for social security disability benefits. (Tr. at 21.)

**II.  Legal Standard**

As set forth by the Supreme Court in <u>Richardson v. Perales</u> 402 U.S. 389 (1971) the standard of proof for a court reviewing an ALJ decision denying social security disability benefits is "substantial evidence." <u>Id.</u> at 401.  That is, an ALJ decision will be upheld so long as "evidence which a reasonable mind would accept as sufficient...support[s] [the ALJ's] conclusion..." <u>Id.</u> (quoting <u>Cons. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)).

Because Gaggiano's asthma failed to qualify as disabling, according to 20 C.F.R. § 404 Appendix 1 Subpart P, the ALJ denied Gaggiano's request for disability.  Medical tests that suggested only a "mild" obstructive ventilatory defect, a "normal" DLCO and five consecutive years without the need of emergency care, convinced the ALJ that Gaggiano could, despite her asthma, engage in "light work free of excessive pulmonary irritants." (Tr. at 16, 18, 20-21.)  Believing that the ALJ (1) improperly evaluated the evidence presented; (2) failed to fully consider her non-exertional impairments; and (3) erred as a matter of law, Gaggiano argues that the ALJ decision was not supported by substantial evidence. (Pl. Br. at 7, 11, 12.)  Gaggiano now appeals to this Court.[1]

---

[1]     Pursuant to 42 U.S.C. 405(g),"[a]ny individual, after any final decision of the Commissioner of Social Security...may obtain a review of such decision...in the district court of the United States for the judicial district in which [that individual] resides."  A resident of Clifton, New Jersey, Gaggiano brings her appeal before the Federal District Court of

**III. Discussion**

    **A.   The ALJ's Assessment of the Medical Evidence**

Gaggiano argues that the Secretary "failed to give proper credence" to her complaints of breathing difficulty, coughing, wheezing, fatigue and exhaustion. (Id. at 7.) She also argues that the Secretary wrongfully discounted the opinions of her treating physician in favor of the "incorrect testimony of a non-examining doctor." (Id. at 9.)

        **1. ALJ's Consideration of Gaggiano's Testimony and the Testimony of her Treating Physician**

Although a "Hearing Examiner must consider [a] claimant's subjective evidence of pain and disability," Baerga v. Richardson, 500 F.2d 309, 312 (3d. Cir. 1974), such evidence must be credible and consistent with objective medical findings. 20 C.F.R. §§ 404.1529; 404.1508. Similarly, deference to a claimant's treating physician will be given only if those opinions come "well-supported" by medically accepted evidence "not [otherwise] inconsistent with other substantial evidence." 20 C.F.R. § 404.1527.

Pursuant to 20 C.F.R. § 404.1529, Gaggiano argues that because her testimony of subjective pain was supported by objective medical evidence it deserved greater evidentiary

---

New Jersey. Consequently, this Court has jurisdiction to hear Gaggiano's claim pursuant to 42 U.S.C. 405(g).

weight. (Pl. Br. at 8).  In support of her argument, Gaggiano relies almost exclusively on the results of a single pulmonary function test ("PFT") and the opinion of her treating physician.

A PFT taken on July 7, 2003 ("July 7 PFT") at the offices of Dr. Donald Perlman revealed a "severe obstruction" and a "low vital capacity." (Tr. at 155.)  The results of this test, according to Gaggiano, not only lend unimpeachable credibility to her testimony of subjective pain, but also merit her receipt of social security benefits. Yet, according to the testimony of medical expert Dr. Donald Peyser, there are several questions about the reliability of the July 7 PFT.  First, the test was interpreted by a computer rather than a physician. (Id. at 188.)  Second, the test lacked any comments or even a verifying signature. (Id.)  Third, the test showed a suspicious *decrease* in Gaggiano's pulmonary function *after* medication was administered. (Id.) at 189.  In the words of Dr. Peyser, there was "a weakness about that study." (Id. at 188.)

Gaggiano also points out that her private physician, Dr. Porras, concluded that she is totally impaired and "unable to work." (Id. at 140.)  Despite Dr. Porras' conclusions, however, a litany of countervailing evidence supports the ALJ's findings that Gaggiano's "allegations...[were] not totally credible." (Id. at 21.)  To begin with, Dr. Porras' own treatment records dated October 2001 to March 2002, consistently indicate that Gaggiano

had neither wheezing nor rales.  Those same treatment records included a November 2001 PFT that revealed Gaggiano's $FEV_1$ to be well below the medical listing level of 20 C.F.R. 404 Appendix 1 Subpart P.  Indeed, according to Dr. Porras, Gaggiano suffered from only a "mild, restrictive ventilatory defect." (Id. at 146.)  In addition, another PFT taken at the Newark Beth Israel Medical Center in January 2002, reveals that Gaggiano's $FEV_1$ and DLCO were well below the severity of medical listing level;  again, only a mild obstructive ventilatory defect was found. (Id. at 116.)  The medical records alone amply support the ALJ's finding that Gaggiano's testimony and Dr. Porras' diagnoses were "not totally credible."  An examination of the non-medial evidence further supports this conclusion.

Step 3 of the required five-step analysis evaluating a claimant's alleged disability places the burden on the claimant to prove that the severity of her impairment rises to the level of 20 C.F.R. 404 Appendix 1, Subpart P. 20 C.F.R. §§ 404.1520; 416.920.  As defined by 20 C.F.R. § 404 Appendix 1 Subpart P, Listing 3.00 "[a]ttacks of asthma...are...[characterized by] prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting."  Yet to qualify as disabling, these asthma

attacks must not only occur "in spite of prescribed treatment" but also must "require physician intervention...at least once every two months or at least six times a year." Id. Gaggiano's own testimony shows that at the time of her administrative hearing in 2003, she had not been hospitalized for her condition since 2001. (Tr. at 177.)  Because 20 C.F.R. § 404 Appendix 1, Subpart P, Listing 3.00 demands that a claimant be hospitalized at least six times a year in order to meet the regulatory definition of disabled, and because Gaggiano, at the time of her administrative hearing had gone two years without either hospital or emergency care, shows that her condition did not meet the required level of severity.

### 2. The ALJ's Reliance on the Testimony of a Non-treating Physician

As alternative grounds for reversing the ALJ's decision, Gaggiano argues that the ALJ wrongfully relied on the "incorrect" testimony of medical expert Dr. Donald Peyser, who stated that Gaggiano's complaint "ha[d] never been shortness of breath...[but rather] fatigue." (Tr. at 189.) Gaggiano argues that she consistently complained of dyspnea and difficulty breathing. (Pl. Br. at 9.)

In the opening paragraphs of his decision, the ALJ writes that "the claimant has asthma, an impairment that is severe within the meaning of the Regulations..." (Tr. at 16.)  He notes

later that "the claimant was referred to Dr. Michael L. Schwartz...for [an] evaluation of [her] shortness of breath..." where she "reported...that she ha[d] dyspnea..." (Id. at 17.) This alone illustrates that the ALJ was aware of Gaggiano's condition. Moreover, the ALJ applied the regulatory standards defining disabling asthma, not fatigue, to Gaggiano's case. (Id. at 16.) Thus, although the ALJ's ultimate decision depended largely on the opinions of Dr. Peyser, his analysis shows that he also recognized that the central issue before him was the severity and effects of Gaggiano's asthma. Consequently, this Court rejects Gaggiano's argument that the ALJ relied exclusively Dr. Peyser's opinion.

### 3. The ALJ Finding that Gaggiano Could, Despite her Impairment, Perform Light Work.

Gaggiano also asserts that "[t]here are no objective medical findings to support the Administrative Law Judge's feeling that the plaintiff was able to perform light work." (Pl. Br. at 10.) What Gaggiano fails to recognize is that, while the ALJ did ultimately find Gaggiano capable of performing light work, he also found that Gaggiano could still perform her past relevant work.

Step 4 of the required five-step claimant disability analysis places the burden on the claimant to show, through objective medical evidence, that she is incapable of performing

her past relevant work.  Here Gaggiano mistakenly lays the burden on the ALJ to prove that she could perform light work, when in fact Gaggiano must *first* prove that she is unable to perform her past relevant work.

The ALJ found that "[t]he objective and clinical findings do not document the presence of an impairment that would produce the severe functional restrictions that the claimant alleged," and did not support Gaggiano's claim that she was incapable of performing her past relevant work.  (Id. at 20.)  Put simply, if the evidence shows that a claimant's impairments do not prevent her from doing her past relevant work, she is not disabled. 20 C.F.R. §§ 404.1520 and 416.920.  Because substantial objective medical evidence illustrates that Gaggiano is not precluded from performing her past relevant work this Court affirms the ALJ finding that Gaggiano should be denied her request for social security disability benefits.

**B.   The ALJ Assessment of Gaggiano's Non-Exertional Impairments.**

Gaggiano also argues that the ALJ ignored her testimony of non-exertional impairments (i.e., fatigue, shortness of breath, wheezing, and coughing) and, as a result, wrongfully dismissed her claim. Gaggiano points to medical records and the opinions of her physician, Dr. Porras, to support this argument.

The Court finds this argument contradicted by the record. For example, the ALJ recognized that "all symptoms, including pain," must be considered when evaluating a claimant's alleged disability. (Tr. at 16). In addition, the ALJ acknowledged that Gaggiano complained at her hearing of fatigue, difficulty breathing, and extreme respiratory sensitivity. (Id. at 18.) These statements strongly suggest that the ALJ was aware of Gaggiano's non-exertional impairments and took them into account.

Moreover, 20 C.F.R. § 404.1529 provides that "symptoms, such as pain, fatigue, shortness of breath, weakness or nervousness, will not be found to affect [a claimant's] ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment is present."  Although the ALJ confirmed that Gaggiano's asthma was severe, he also observed that "[t]he objective and clinical findings do not document the presence of an impairment that would produce the severe functional restrictions that [Gaggiano] alleged." (Tr. at 20.)  Therefore, the Court is convinced that the ALJ did consider Gaggiano's non-exertional impairment claims, but nevertheless found them unconvincing.

**C.   The ALJ's Consideration of Gaggiano's Medication**

Gaggiano argues in Point III of her brief that the ALJ, "failed to consider the [debilitating] effects of [her] medication." (Pl. Br. at 13.)  In support of this argument,

Gaggiano cites Schaudeck v. Comm'r, 181 F.3d 429.  Schaudeck involved a claimant suffering from Hodgkin's disease and prescribed a strict regimen of highly potent chemotherapy drugs.  The known side-effects of the medications taken by the claimant included, among other things, "severe nausea, bone marrow depression, gastrointestinal symptoms, neurotic pain, muscle wasting, and bone pain." Id. at 434 n.3.  Shaudeck is, however, easily distinguishable from the facts presented here.  Federal regulations specifically require that "the impact of any residual impairment including that caused by therapy [i.e. medication] must be considered" when cancer patients file for disability benefits. 20 C.F.R. 404 Appendix 1, Subpart P, Listing 13.00(D).  No such requirement applies to disability evaluations of asthma patients.

Furthermore, the first time Gaggiano ever discussed the side-effects of her medication was when she testified.  Even then, the effects of her medication were only briefly mentioned, and only in response to a question posed by the ALJ.  Importantly, no medical evidence was produced to verify her statements.

Because Schaudeck does not apply to this case, and because Gaggiano provides no evidence to support her claims of debilitating medical side effects, this court is not persuaded by

her argument that the ALJ failed to take the effects of her medication into account.

**IV. Conclusion**

After a review of the record, the Court concludes that there is substantial evidence to support the ALJ's denial of Gaggiano's request for social security disability benefits. Accordingly the ALJ's decision is affirmed.

        /S/ WILLIAM G. BASSLER
William G. Bassler U.S.S.D.J.

Dated: 21 September 2005